**Bank of Montreal v. Bronstein**

*Victor J. Roberts*, for plaintiff.
*Milton O. Moss*, for defendant.

TREDINNICK, J., December 16, 1970.—Defendant seeks to take the depositions here in Norristown, Pa., of three officers of plaintiff, Bank of Montreal. Plaintiff has motioned the court to issue a protective order, averring that all three deponents reside in Montreal, Canada, and the taking of their depositions here will cause unreasonable annoyance, expense and oppression to plaintiff. The matter is before us for decision after consideration of oral argument and briefs.

Rule 4011, in providing that no discovery shall be permitted which causes unreasonable annoyance, embarrassment, expense or oppression, establishes a "remarkably indefinite standard," and the court has wide discretion in the disposition of such matters: Goodrich-Amram, §4011(b)-1.

Defendant filed in this matter the standard notice of taking the depositions of the three individuals, that is to say, the notice contained no statement describing the scope and purpose of the deposition. This court has not adopted by general rule any requirement that this be done, as it could under Rule 4007(d)(1) of the Rules of Civil Procedure. Defendant cannot therefore be faulted for the absence of such a statement in his notice.

However, in situations where substantial expense and inconvenience will be involved to one party, should proposed depositions be accomplished, the necessity of depositions vis-a-vis interrogatories should be established. If, in such cases, the scope and purpose of the proposed deposition is carefully delineated in the notice, two advantages in the orderly disposition of the matter are created. First, the opposing party, being on notice of what is desired, may be able to supply the desired information without the necessity of a deposition, either directly or through answers to interrogatories. Second, should the parties be unable to resolve the matter, the issue will be framed, thus enabling the court to determine whether depositions are imperative as opposed to interrogatories. While this is not the only factor upon which the ultimate decision rests, it is certainly an important factor, and should be fully developed for the benefit of the court prior to rendering a decision.

In addition, it seems more than a remote possibility in this rather complicated assumpsit action, that the persons named in the notice may not have the best knowledge of those facts which defendant seeks to discover. Two of them were selected for the apparent reason that they executed affidavits to various pleadings filed by plaintiff. This does not necessarily mean that they, of all plaintiff's many officers and employes, are most knowledgeable in the factual areas defendant wishes to explore. Again, where the burden upon the opposing party is substantial, it ought to be clearly established that the named deponents are in fact persons who have relevant information. This may easily be determined through interrogatories.

Accordingly, in the present posture of the matter we feel the motion for protective order should be sustained.

## ORDER

And now, December 16, 1970, motion for protective order is sustained.